IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

GWENDOLYN H. KING and
HAROLD G. KING,

    Plaintiffs,

v.   No. 15-2432-STA-dkv

The Bank of New York Mellon
fka The Bank of New York as
Trustee for the Certificateholders
of the CWABS, Inc., Asset-Backed
Certificates, Series 2004-15, et al.,

    Defendants.

---

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Before the Court is the United States Magistrate Judge' Report and Recommendation that Defendants' motion to dismiss the first amended complaint (ECF No. 17) be granted.[1] Chief Magistrate Judge Diane K. Vescovo submitted her Report and Recommendation on October 13, 2015. (ECF No. 30.) Plaintiff Gwendolyn King has filed objections to the Magistrate Judge's Report (ECF No. 31) and amended objections. (ECF No. 33.) To the extent that Plaintiff has styled her objections as "motions," the motions are **DENIED**.[2] Having reviewed the Magistrate Judge's Report and Recommendation *de novo* and the entire record of the proceedings, the Court

---

[1] The Magistrate Judge also granted Defendants' motion for extension of time to respond to Plaintiff's motion for leave to file a second amended complaint.

[2] If Plaintiff has sought any additional relief in her objections/motions, she may renew her request by filing another motion.

hereby **ADOPTS** the Report. Defendants' motion to dismiss the first amended complaint is **GRANTED**.

Chief Magistrate Judge Vescovo construed the first amended complaint as asserting claims under the Home Affordable Modification Program ("HAMP"), 12 U.S.C. § 5201; the Service Members Civil Relief Act ("SCRA"), 50 U.S.C. § 516; the Tennessee Consumer Protection Act ("TCPA"), Tenn. Code Ann. 47-18-104(b)(27); and Tennessee state law. Plaintiffs also claimed that Defendants "fraudulently corroborated with [Memphis Area Legal Services] to stall, mislead and circumvent [] Gwendolyn King in her efforts to save her home."

As for the HAMP claim, Chief Magistrate Judge Vescovo correctly noted that homeowners do not have a private right of action to enforce the terms of HAMP.[3] Plaintiffs also do not have a private right of action under the TCPA.[4]

Plaintiffs failed to state a claim under the SCRA because any protection proved by that Act applies only to an obligation on real property that "originated before the period of the servicemember's military service."[5] Plaintiff Harold King's military service pre-dates his execution of the Note and Deed of Trust that are at issue in this case.

Plaintiffs failed to state a common law negligence claim because there is no common law duty on financial institutions with respect to their customers, depositors, or borrowers in

---

[3] *See Campbell v. Nationstar Mortg.*, 611 F. App'x 288, 298 (6th Cir. 2015).

[4] Tenn. Code Ann. § 47-18-104(b)(27).

[5] 50 U.S.C. app. § 533(a)(1).

Tennessee"[6] Finally, Plaintiffs failed to "state with particularity the circumstances constituting fraud."[7]

Plaintiffs have presented no facts or law to show that the Report and Recommendation should not be adopted. Therefore, the Report and Recommendation is **ADOPTED** in its entirety.[8]

**IT IS SO ORDERED.**

<pre>                              s/ S. Thomas Anderson
                              S. THOMAS ANDERSON
                              UNITED STATES DISTRICT JUDGE


                              Date: November 25, 2015</pre>

---

[6] *See Vaughter v. BAC Home Loans Servs., LP,* 2012 WL 162398, at *4 (M.D. Tenn. Jan. 19, 2012).

[7] Fed. R. Civ. P. 9(b). *See also Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001) ("Generalized and conclusory allegations that the Defendants' conduct was fraudulent do not satisfy Rule 9(b).")

[8] The motions to file a second amended complaint (ECF No. 25, 26) remain pending.